United States District Court
for the
Southern District of Florida

| Guy Attia, Plaintiff, | ) |
| --- | --- |
| | ) |
| v. | ) |
| | ) Civil Action No. 18-24065-Civ-Scola |
| | ) |
| Wright National Flood Insurance | ) |
| Company, Defendant. | ) |

**Order Granting Motion to Dismiss**

Plaintiff Guy Attia complains that Defendant Wright National Flood Insurance Company breached the parties' insurance contract by failing to properly adjust Attia's claim for real property damage incurred as a result of Hurricane Irma in September 2017. In his complaint, in addition to seeking compensation for the damage to his property, Attia also seeks to recover "for damages, plus interest, court costs and reasonable attorney's fees pursuant to Section 627.428, Florida Statutes." (Compl., ECF No. 1-1, 6.) Wright argues Attia's request for any recovery under state law should be dismissed from Attia's complaint because such damages are preempted and barred by federal statutory, regulatory, and common law. Wright also maintains Attia's claim for interest is also barred by the "no-interest" rule. Attia has not responded to Wright's motion and the time to do so has long since passed. For the following reasons, the Court **grants** Wright's motion (**ECF No. 4**.)

1. **Background**

Wright, while acting in its capacity as a Write-Your-Own Program insurance carrier, under the National Flood Insurance Program, issued a flood policy to Attia on his home located at 11420 North Bayshore Drive in North Miami. Attia says his property sustained a covered loss, on September 10, 2017, as a result of Hurricane Irma. Although Wright acknowledged that a loss occurred, Attia maintains Wright has nonetheless refused to tender the full amount of Attia's damages. Accordingly, Attia maintains Wright has breached the parties' insurance agreement.

Attia initially filed this case in state court. Wright removed it to this Court, however, asserting that this Court has original exclusive jurisdiction over claims presented under the flood policy issued to Attia. Attia expressed no opposition to Wright's removal.

## 2. Legal Standard and Statutory Background

A court considering a motion to dismiss, filed under Federal Rule of Civil Procedure 12(b)(6), must accept all of the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Although a pleading need only contain a short and plain statement of the claim showing that the pleader is entitled to relief, a plaintiff must nevertheless articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting Fed. R. Civ. P. 8(a)(2)) (internal punctuation omitted). A court must dismiss a plaintiff's claims if she fails to nudge her "claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

The Eleventh Circuit has "adopted the 'incorporation by reference' doctrine, under which a document attached to a motion to dismiss may be considered by the court without converting the motion into one for summary judgment only if the attached document is: (1) central to the plaintiff's claim; and (2) undisputed." *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002); *see Hill v. State Farm Ins. Co.*, 181 F. Supp. 3d 980, 986, n. 2 (M.D. Fla. 2016) (holding that the court could consider the insurance policies included in the defendant's motion to dismiss even though not attached to the complaint). As Attia's claim is that Wright breached the parties' policy, the declarations page and the Standard Flood Insurance Policy are central to the claim. The only policy issued by Wright to Attia was the Standard Policy, which is a codified federal regulation available at 44 C.F.R. Part 61, Appendix A(1), the terms and conditions of which cannot be disputed.

Regarding the statutory and regulatory schemes implicated in this case, Congress created the National Flood Insurance Program under the National Flood Insurance Act of 1968. 42 U.S.C. §§ 4001, *et seq.* The Administrator of the Federal Emergency Management Agency is charged with overseeing and implementing the NFIP. 42 U.S.C. § 4041. Additionally, the Administrator of FEMA is statutorily authorized to promulgate regulations "for general terms and conditions of insurability which shall be applicable to properties eligible for flood insurance coverage." 42 U.S.C. § 4013. The regulations also prescribe the methods by which approved losses under the NFIP may be adjusted and paid. 42 U.S.C. § 4019. Under FEMA regulations, "all policies issued under the NFIP must be issued using the terms and conditions of the Standard Flood

Insurance Policy found in 44 C.F.R. Part 61, Appendix A." *Battle v. Seibels Bruce Ins. Co.*, 288 F.3d 596, 599 (4th Cir. 2002) (citing 44 C.F.R. §§ 61.4(b), 61.13(d), (e), 62.23(c)).

In 1983, under the "Write-Your-Own" Program, the Administrator of FEMA authorized the Standard Flood Insurance Policy to be issued by private insurance companies, commonly referred to as WYO Program carriers (e.g. Wright). 42 U.S.C. § 4071(a)(1). WYO Program carriers issuing flood insurance under the NFIP arrange for the adjustment, settlement, payment, and defense of all claims arising from the policy. 44 C.F.R. § 62.23(d). Congress underwrites all operations of the NFIP, including claims adjustment, through United States Treasury funds. 42 U.S.C. § 4017(d)(1). The federal government pays all flood insurance claims and reimburses WYO Program carriers their costs, including defense costs, for the adjustment and payment of claims. *Grissom v. Liberty Mut. Fire Ins. Co.*, 678 F.3d 397, 402 (5th Cir. 2012) (citations omitted).

Congress statutorily authorized FEMA to enter into arrangements with private insurance companies that operate as the "fiscal agents of the United States." 42 U.S.C. § 4071(a)(1). In effect, a suit against a WYO Program carrier is the functional equivalent of a suit against FEMA. *Van Holt v. Liberty Mut. Fire Ins. Co.*, 163 F.3d 161, 166–67 (3d Cir. 1998) (citation omitted). Thus, a judgment against a WYO Program carrier constitutes a judgment against FEMA, and consequently, a direct charge on the United States Treasury. *Shuford v. Fid. Nat. Prop. & Cas. Ins. Co.*, 508 F.3d 1337, 1343 (11th Cir. 2007). Under the terms of the Standard Flood Insurance Policy, "all disputes arising from the handling of any claim under the policy are governed exclusively by . . . FEMA [regulations], the National Flood Insurance Act of 1968, . . . and [f]ederal common law." 44 C.F.R. § Pt. 61, App. A(1); *see also West v. Harris*, 573 F.2d 873, 881 (5th Cir. 1978) ("Since the flood insurance program is a child of Congress, conceived to achieve policies which are national in scope, and since the federal government participates extensively in the program[,] uniformity of decision . . . mandates the application of federal law.")

### 3. Discussion

As an initial matter, the Court could grant Wright's motion by default under Local Rule 7.1 as no timely response in opposition was ever filed. Nevertheless, the Court has evaluated the motion on the merits as well and finds Wright's position well taken.

In addition to the alleged breach of the parties' agreement as reflected in the Standard Policy, Attia also seeks compensation under Florida law, including requests for fees, costs, and interest. These claims, however, are preempted and barred by federal law.

"A claim under state law is expressly preempted when Congress has manifested its intent to preempt state law explicitly in the language of the statute." *Shuford*, 508 F.3d at 1344 (quotation omitted). Further, "[f]ederal regulations have the same preemptive effect as federal statutes." *Id.* (citing *Fidelity Fed. Sav. & Loan Ass'n v. de la Cuesta,* 458 U.S. 141, 153 (1982)). As the Eleventh Circuit points out, "[t]he plain language of the Standard Policy, which is embodied in a federal regulation, reflects a clear intent to preempt claims under state law." *Id.* Because Attia's claims under Florida law—including his demand for fees, costs, and interest—arise from Wright's handling of his claim under the Standard Policy, they are expressly preempted by federal law. *See id.* (finding claimant's tort claim, under similar circumstances, preempted). Because the Court finds all of Attia's state-law claims preempted, it declines to opine on whether his claim for interest is also barred by the "no-interest" rule.

### 4. Conclusion

Accordingly, the Court **grants** Wright's motion to dismiss (**ECF No. 4**). The Court thus dismisses any of Attia's claims that arise under Florida law, including for fees, costs, and interest. The remainder of Attia's claim, however, moves forward.

**Done and ordered** at Miami, Florida, on June 26, 2019.

_____
Robert N. Scola, Jr.
United States District Judge